UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DORIS SMITH,

                    Plaintiff,

        v.

KAYLA BOWWER et al.,

                    Defendants.

CASE NO. 3:25-cv-05990-JNW

§ 1915 DISMISSAL

The Court reviews this matter under 28 U.S.C. § 1915(e)(2)(B). *Pro se* Plaintiff Doris Smith files this action in forma pauperis ("IFP"), suing Defendants Kayla Bowwer, Myla Nixon, and Melissa Garcia, under 42 U.S.C. § 1983. Dkt. No. 5. Smith's complaint centers on interactions with Defendants during a number of family placement matters, and she generally alleges Defendants were unhelpful and rude. *Id.* at 5–6.

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing

§ 1915 Dismissal - 1

complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam))). But even so, the duties imposed on district courts by Section 1915(e) are unwavering, and when the court determines that a complaint filed by an IFP plaintiff is frivolous, malicious, or fails to state a claim, the action *must* be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Even construing Smith's complaint liberally, the Court finds that her complaint suffers from several fundamental defects. First, to state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law deprived them of rights secured by the Constitution or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (explaining 42 U.S.C. § 1983 is "procedural device for enforcing substantive provisions of the Constitution and

§ 1915 Dismissal - 2

federal statutes"). But the complaint does not adequately identify the Defendants— it identifies Bowwer, Nixon, and Garcia as named Defendants, but does not identify them as agents of the state. *See* Dkt. No. 5 at 5–6. Claims brought under Section 1983 cannot proceed against private actors. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982).

Second, Smith alleges that these Defendants "coerced," "coached," and "pressured" her at various points through a contested child placement hearing. Dkt. No. 5 at 5–6. These conclusory allegations fail to identify any constitutional right that was violated or explain how the Defendants' alleged conduct caused a deprivation of such rights. The same goes for Smith's allegations that Defendants "inappropriate comments" or "additional remarks" were "discriminatory and retaliatory conduct." Taking Smith's allegations as true, the Court accepts that she had unpleasant interactions with Defendants in relation to a family placement dispute, but the interactions alleged in the complaint fall outside the scope of a constitutional violation. Without factual allegations connecting the defendants' specific conduct to a deprivation of constitutional rights, the complaint fails to state a plausible claim for relief under Section 1983.

Thus, the Court DISMISSES the complaint WITHOUT prejudice. However, the Court GRANTS Smith leave to file an amended complaint that sufficiently pleads facts stating a plausible claim for relief within FOURTEEN (14) days of this order. *See Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (district courts "ordinarily must grant leave to amend when [they] dismiss[ ] claims under Rule 12(b)(6)"). The Clerk is directed to place this deadline on the Court's calendar.

**§** 1915 Dismissal - 3

If Smith fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Because Smith's complaint is dismissed, the Court DENIES her Motion to Appoint Counsel, Dkt. No. 6, and Motion for Service, Dkt. No. 7.

Dated this 18th day of February, 2026.

Jamal N. Whitehead
United States District Judge

§ 1915 Dismissal - 4