UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DORIS SMITH,

            Plaintiff,

   v.

KAYLA BOWWER et al.,

            Defendants.

CASE NO. 3:25-cv-5990-JNW

DISMISSAL ORDER

The Court reviews *pro se* Plaintiff Doris Smith's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). Smith files this action in forma pauperis ("IFP"), suing Defendants Kayla Bowwer, Myla Nixon, and Melissa Garcia under 42 U.S.C. § 1983. Dkt. No. 12. Like the original complaint, Smith's Amended Complaint centers on interactions with Defendants during a number of family placement matters. *Id.*

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing complaints under § 1915(e)(2)(B), courts necessarily consider only the operative

DISMISSAL ORDER - 1

complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam))). But even so, the duties imposed on district courts by Section 1915(e) are unwavering, and when the court determines that a complaint filed by an IFP plaintiff is frivolous, malicious, or fails to state a claim, the action must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Even construing Smith's Amended Complaint liberally, the Court finds that it suffers from fundamental defects that she failed to cure. Smith alleges that Defendants are all state employees of the Washington State Department of Children, Youth, and Families ("DCYF"). Dkt. No. 12 at 1. Smith does not specify whether she sues Defendants in their official or personal capacities. Either way, her claims fail as a matter of law.

DISMISSAL ORDER - 2

First, Smith's claims against Defendants in their official capacities are barred by sovereign immunity under the Eleventh Amendment. Official-capacity claims against state officials are, at their core, claims against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("We emphasized that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) ("[The court] treat[s] [the plaintiff's] suit against state officials in their official capacities as a suit against the state of California"). As a result, Smith's claims against Defendants in their official capacities are effectively claims against DCYF, a Washington state department.

But with limited exceptions, the Eleventh Amendment to the United States Constitution bars lawsuits by a citizen against a state. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."); *see Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities, . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity.").

One exception to this general rule exists: "when sued for *prospective injunctive* relief, a state official in [their] official capacity is considered a 'person' for § 1983 purposes." *Malone v. Washington*, No. 19-5574 RJB-JRC, 2020 WL 5817066, at *3 (W.D. Wash. Sept. 30, 2020) (emphasis in original) (quoting *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997)). This is part of the *Ex parte*

DISMISSAL ORDER - 3

*Young* doctrine. *Doe,* 131 F.3d at 839 ("In what has become known as part of *the Ex parte Young* doctrine, *see Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity."). However, Smith does not seek prospective relief—instead, she asks the Court to view Defendants' prior acts and find that they "violated [her] constitutional rights." Dkt. No. 12 at 6. This relief is barred by the Eleventh Amendment.

Second, because the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities[,]" the Court turns to Smith's Section 1983 claims against Defendants in their personal capacities. *Mitchell v. Washington,* 818 F.3d 436, 442 (9th Cir. 2016) (emphasis in original). Individual or personal-capacity suits seek to impose personal liability upon a government official for wrongful actions made under color of law "and that were taken in [the] course of [their] official duties." *Pistor v. Garcia,* 791 F.3d 1104, 1112 (9th Cir. 2015).

Like the allegations in Smith's original complaint, those in the Amended Complaint present only vague and conclusory statements about Defendants, which fail to identify any constitutional right that was violated or explain how Defendants' alleged conduct caused a deprivation of such rights. Smith says that Bowwer "contacted [her] to sign a Voluntary Placement Agreement (VPA)" and then "stopped communicating[.]" Dkt. No. 12 at 3. Bowwer also made "inappropriate comments," false accusations, and "coached" Smith during hearings. *Id.* Smith alleges that Bowwer approved an unlicensed placement of her daughter. Garcia allegedly made "defamatory statements in official records and kept an investigation

DISMISSAL ORDER - 4

open on [Smith's] other children without a founded case." *Id.* at 2. Nixon allegedly contacted Smith about "allegations later found unfounded" and "pressured [her] to sign over parental rights[.]" *Id.* at 3.

Smith raised many of these allegations in her original complaint, which the Court has already found deficient. They suffer from the same shortcomings—taking Smith's allegations as true, the Court accepts that she had issues with Defendants in relation to a family placement dispute, but the interactions alleged in the complaint do not amount to a constitutional violation. Moreover, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1157 (9th Cir. 1987). Therefore, without factual allegations connecting Defendants' specific conduct to a deprivation of constitutional rights, Smith's Amended Complaint fails to state a plausible claim for relief under Section 1983.

The Court has already given Smith leave to amend. Dkt. No. 10 at 3–4. It also warned that failure to state a plausible claim in the Amended Complaint would result in dismissal. Thus, the Court finds it futile to allow Smith leave to amend a second time.

In sum, the Court DISMISSES Smith's case with prejudice. The Clerk is directed to close this case.

Dated this 1st day of May, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 6